1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11  JANICE LOVE,                    )     Case No. CV 06-6738-MAN
                                    )
12              Plaintiff,          )
                                    )
13         v.                       )     ORDER RE: MOTION FOR
                                    )     ATTORNEY FEES PURSUANT TO
14  MICHAEL J. ASTRUE,              )     42 U.S.C. § 406(b)
    Commissioner of the Social      )
15  Security Administration,        )
                                    )
16              Defendant.          )
    _____)
17

18         On February 6, 2009, counsel for plaintiff filed a Notice of Motion

19  and Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), with a

20  supporting memorandum of points and authorities and declaration by

21  plaintiff's counsel, Andrew T. Koenig, Attorney at Law (collectively,

22  the "Motion").  On February 25, 2009, defendant filed a Response to

23  Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. §

24  406(b).  On March 5, 2009, plaintiff's counsel filed his Reply.  The

25  Motion requests payment of attorney's fees in the total amount of

26  $13,227.05 for 25.7 hours of attorney time expended before this Court.

27  For the reasons stated below, the Motion is GRANTED.

28

**BACKGROUND**

Plaintiff's counsel represented plaintiff before the United States District Court pursuant to a contingency fee agreement ("Agreement"), which provides in Paragraph 3 for attorney's fees of "25% of the total lump-sum back-due benefits awarded to Client and his/her family by either the federal court, or the Social Security Administration (SSA) after further administrative proceedings upon remand by the federal court." (Motion at 2, Attachment B.)  On July 9, 2007, the Court remanded this case for further administrative proceedings.  (Motion at 4.)  On remand, the Commissioner issued a decision granting plaintiff's application for benefits and awarded plaintiff $52,908.20 in retroactive benefits.  (Attachment A.)[1]  Pursuant to a stipulation of the parties and related Order of this Court filed on September 7, 2007, plaintiff's counsel was awarded the sum of $4,285.63 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  (Motion at 4.)

**APPLICABLE LAW**

Section 406(b) of Title 42 provides:

Whenever a court renders a judgment favorable to a claimant

---

[1]     Attachment A is an award letter from the Social Security Administration ("SSA"), which indicates that the SSA withholds "25% of the total past-due benefits or the maximum payable under the fee agreement to pay an approved lawyer's fee.  We withheld $13,227.05 from the past-due benefits to pay the lawyer."  While the award letter does not provide a cumulative total of past-due benefits, given that the SSA withheld 25% of plaintiff's past-due benefits, *i.e.* $13,227.05, plaintiff's past-due benefits should have totaled $52,908.20.

2

. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).[2]

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court held that Section 406(b)

does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within this 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

_____

[2]    For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or fee agreement. 42 U.S.C. § 406(a). In the event of a determination favorable to the claimant, the Commissioner "shall . . . fix . . . . a reasonable fee" for the attorney's services. 42 U.S.C. § 406(a)(1).

1   *Id.* at 807 (citations omitted).

2

3       The hours spent by counsel representing the claimant and counsel's
4   "normal hourly billing charge for noncontingent-fee cases" may aid "the
5   court's assessment of the reasonableness of the fee yielded by the fee
6   agreement." <u>Gisbrecht</u>, 535 U.S. at 808.   The Court appropriately may
7   reduce counsel's recovery

8

9           based on the character of the representation and the results
10          the representative achieved.   If the attorney is responsible
11          for delay, for example, a reduction is in order so that the
12          attorney will not profit from the accumulation of benefits
13          during the pendency of the case in court.   If the benefits
14          are large in comparison to the amount of time counsel spent
15          on the case, a downward adjustment is similarly in order.

16

17  *Id.* (citations omitted).

18

19      Significantly, since <u>Gisbrecht</u>, district courts have been
20  deferential to the terms of contingency contracts in Section 406(b)
21  cases, recognizing that the resulting *de facto* hourly rates typically
22  exceed those for non-contingency fee arrangements.   *See* <u>Ellick v.</u>
23  <u>Barnhart</u>, 445 F. Supp. 2d, 1166, 1169-71 (C.D. Cal. 2006)(surveying
24  post-<u>Gisbrecht</u> cases and finding decisions approving fee awards
25  involving range of net hourly rates of up to $982 per hour); <u>Hearn v.</u>
26  <u>Barnhart</u>, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)(awarding
27  $25,132.50 in Section 406(b) fees, equivalent to $450 per hour, and
28  citing, *inter alia*, <u>Martin v. Barnhart</u>, 225 F. Supp. 2d 704 (W.D. Va.

4

1  2002)(awarding $10,189.50, equivalent to $605 per hour), and <u>Coppett v.</u>

2  <u>Barnhart</u>, 242 F. Supp. 2d 1380 (S.D. Ga. 2002)(awarding $6,554.12,

3  equivalent to $350.49 per hour)); *see also* <u>Mudd v. Barnhart</u>, 418 F.3d

4  424, 427 (4th Cir. 2005)(affirming denial of motion challenging

5  $12,231.50 fee award equivalent to 25% of past benefits and hourly rate

6  of $736.84); <u>Blizzard v. Astrue</u>, 496 F. Supp. 2d 320, 324 (S.D.N.Y.

7  2007)(approving $26,798.25 fee award equaling 25% of past benefits and

8  amounting to an hourly rate of $705); <u>Koester v. Astrue</u>, 482 F. Supp.

9  2d 1078, 1083 (E.D. Wis. 2007)(finding $16,890 fee award amounting to

10  25% of past benefits and hourly rate of $580.67 to be reasonable and

11  rejecting characterization of award as "windfall").

13  **DISCUSSION**

15  The Court finds that the Motion demonstrates that "the fee sought

16  is reasonable for the services rendered" and is no more than the

17  agreed-upon 25 percent of past-due benefits.[3]  Neither "the character

18  of the representation" nor "the results the representative achieved"

19  suggest the unreasonableness of the fee sought.

21  Plaintiff's counsel was not responsible for any significant delay

22  in securing plaintiff's benefits.  Nothing in the record before the

23  Court suggests that there was any overreaching in the making of the fee

24  agreement or any impropriety on the part of counsel in his

25  representation of plaintiff before this Court.  Counsel assumed the risk

26  of nonpayment inherent in a contingency agreement, the agreed-upon

28     [3]    25% of $52,908.20 is $13,227.05.

5

contingent fee does not exceed the 25% statutory cap, and the Motion seeks the agreed-upon 25% fee.   In view of these circumstances and of the range of hourly rates charged for legal services in the Los Angeles area, the Court finds that the *de facto* hourly rate of $514.67[4] and the total requested fee of $13,227.05 are reasonable under the inquiry called for by Gisbrecht.

**CONCLUSION**

    For the reasons set forth above, the Motion is GRANTED.   Section 406(b) fees are allowed in the total amount of $13,227.05 to be paid out of the amount withheld by the Commissioner from plaintiff's past-due benefits.   In view of the previous payment of EAJA fees in the amount of $4,285.63 to counsel, the Commissioner shall certify payment to counsel of a net fee of $8,941.42.   The balance of the withheld funds shall be paid to plaintiff.


    IT IS SO ORDERED.


DATED: July 1, 2009                              /s/
                                  _____
                                       MARGARET A. NAGLE
                                  UNITED STATES MAGISTRATE JUDGE

---

        [4]    $13,227.05 divided by 25.7 attorney hours equals $514.67 per hour.

6